United States District Court

Eastern District of California

Kenneth D. Phelon,

     Plaintiff,          No. Civ. S-02-2369 LKK PAN P

  vs.                 Order

P. Stolzenbach, et al.,

     Defendants.

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action.

    The complaint alleges as follows. October 28, 2000, correctional officer Stolenbach made a written rules violation report alleging that on October 20 she observed plaintiff "making sexual gestures towards me. [Plaintiff] was laying in bed ... with gray sweat pants on with an erect penis, making hip movements while watching my every move." Correctional Lieutenant Gower adjudicated the charge. Plaintiff denied he had done

1  anything wrong and complained Stolenbach made the charge to
2  retaliate for complaining about "a bed move and what I perceived
3  to be harassment."  Gower called Stolenbach as a witness.  She
4  said she did not know plaintiff before the incident and had
5  waited eight days to write her report because she mistakenly
6  thought another would write the report after she complained and
7  also because in the meanwhile she had "discovered that
8  [plaintiff] previously exposed himself to another female
9  officer."  Gower found plaintiff guilty and as punishment imposed
10 a loss of 60 days' good time credit.  Plaintiff appealed,
11 alleging the charge was conjured and made in reprisal for a
12 grievance filed October 27 (which was rejected as excessively
13 verbose) and that Stolenbach should not have been "monitoring his
14 unexposed crotch while he lay on his bed with his clothes on."
15 At the final level of review of plaintiff's grievance, the
16 director found that "hip movements with an erect penis while
17 clothed in sweatpants all the while maintaining eye contact with
18 the female [guard]" constituted a violation of California Penal
19 Code 647, which prohibits lewd or dissolute conduct in public,
20 punishable by credit forfeiture of 31-60 days, and that plaintiff
21 had received the process due.  Time credits later were restored.
22      October 28, 2002, plaintiff commenced this proceeding by
23 filing a petition for a writ of habeas corpus.  Respondent moved
24 to dismiss upon the ground plaintiff had not exhausted his state
25 court remedies.  This court granted the motion but allowed
26 plaintiff opportunity to plead his claim as a violation of 42

U.S.C. § 1983, which he did on August 18, 2003.  In his complaint, plaintiff also alleged that he had since been required to provide fingerprints in anticipation of being required to register as a sex offender pursuant to Penal Code § 290 on account of the administrative findings.  Plaintiff alleges defendants violated his right of privacy, Stolzenbach and Gower retaliated against him for grieving alleged harassment by staff, Gower found him guilty without any evidence of an erection, and, under these circumstances, registration as a sex offender would constitute cruel and unusual punishment.

The court authorized service of process upon Stolzenbach and Gower and they answered December 8, 2003.

Plaintiff moves to compel further response to his interrogatories, requests for admission and document requests. Plaintiff's discovery requests focus on defendants' training in the area of sexual harassment, the prison's pertinent policies or lack thereof, Stolzenbach's state of mind and similar charges against other inmates.

It appears to the court, however, from the records of the original adjudication of the disciplinary violation and subsequent grievance proceedings, that none of the material facts are in dispute.  The court therefore denies plaintiff's motion to compel discovery without prejudice.

Accordingly, the court hereby orders that:

1.  Plaintiff's July 6, 2004, motion to compel discovery is denied without prejudice.

 2.  Within 30 days after service of this order, defendants shall serve and file a motion for summary judgment.  Plaintiff may serve and file an opposition thereto and cross-motion for summary judgment within 30 days after service of defendants' motion; defendants may reply and oppose within 15 days after service of any cross-motion and opposition; plaintiff may reply within 15 days thereafter.  Pursuant to Fed. R. Civ. P. 56(f), any party's opposition may include a demonstration that he or she cannot adduce facts necessary to support the opposition to summary judgment, in which case the court may deny summary judgment or order a continuance to permit depositions to be taken or discovery to be had or make such other order as may be just.

Dated:  September 8, 2005.

       /s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge